Van Voorhis, J. (dissenting in part).
The judgment entered upon the order of the Appellate Division should, in my view, be reversed so as to dismiss the complaint against the vendor’s broker as well as against the vendor. I agree with Judge Ftild that “ the distinction drawn between the liability of the owner and that of the agent ” is “ thoroughly unreal and unreasonable ”. I would have voted the other way in the Banann case if I had considered that such a distinction was compelled by it. Actually, however, instead of this distinction being inherent in the Bananm decision, it is inconsistent with it. The point is that where, as here, a purchaser makes a representation in his contract of purchase that he has made his own investigation in regard to specific features of the property and relies on no representations concerning them made by or on behalf of the vendor, he cannot sue anybody in fraud under the ruling in Banann for the reason that he has disclaimed reliance upon any such representation. Absent reliance upon the misrepresentations, there can be no cause of action sounding in fraud against the maker of the misrepresentation or anyone else (Sager v. Friedman, 270 N. T. 472). In that case, the court said through Lehman, J. (p. 479): “A false representation does not, without more,' give rise to a cause of action, either at law or in equity, in favor of the person to whom it is addressed. To give rise, under any circumstances, to a cause of action, either in law or equity, reliance on the false representation must result in injury.”
The Banann decision was not based upon contracting away a cause of action in fraud by promises or covenants which are charged with having been given as a result of fraud. If that had been its rationale, Judge Fuld’s dissenting opinion would have prevailed. The fraud cause of action was defeated, not on the based that it was contracted out of existence, but that the pur *266 chaser had, beyond contradiction, disclaimed reliance upon any representation of the existence of the very facts concerning which he later claimed to have been deceived to his injury.
That this was the theory of Danann appears from the following statement in Judge Burke’s opinion at pages 320-321: ‘ ‘ Here, however, plaintiff has in the plainest language announced and stipulated that it is not relying on any representations as to the very matter as to which it now claims it was defrauded. Such a specific disclaimer destroys the allegations in plaintiff’s complaint that the agreement was executed in reliance upon these contrary oral representations (Cohen v. Cohen [1 A D 2d 586, affd. 3 N Y 2d 813], supra).”
If, under the rationale of the Danann decision, a plaintiff is defeated for the reason that he did not rely upon the factual misrepresentations alleged, it can make no difference whether the misrepresentations were voiced by the principal or by his agent. Under familiar principles, no cause of action lies in fraud without reliance on the misrepresentations, even in an action against the person by whom they were uttered. I do not understand how plaintiff can be heard to assert that he did not rely upon these representations in his dealings with the vendor, from whom he bought the property, but that he did rely on them as against the vendor’s broker.
The judgment appealed from should be reversed and the complaint dismissed, with costs to appellant in this court and in the Appellate Division.
Judges Burke and Foster concur with Judge Froessel ; Judge Fuld concurs in a separate opinion; Judge Van Voorhis dissents in part in a separate opinion in which Chief Judge Desmond and Judge Dye concur.
Order, insofar as appealed from by defendant Robinov, reversed and the judgment of Special Term reinstated as to her, without costs. In all other respects, order appealed from affirmed, without costs. Question certified in the negative.